United States District Court
Southern District of Texas

**ENTERED**

July 15, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHELLE LEGALL-JOHNSON          §
and WILLIAM M. JOHNSON, JR.,     §
                                 §
            Plaintiffs,          §
                                 §
v.                               §
                                 §   CIVIL ACTION NO. H-22-1560
JPMORGAN CHASE BANK NATIONAL     §
ASSOCIATION, JPMORGAN CHASE &    §
CO., THUY FRAZIER, CINDY         §
MENDOZA, and McCARTHY AND        §
HOLTHUS, LLP,                    §
                                 §
            Defendants.          §

## MEMORANDUM OPINION AND ORDER

On May 2, 2022, plaintiffs, William M. Johnson, Jr.
("Borrower") and Michelle Legall-Johnson (collectively,
"Plaintiffs"), filed this action against defendants JP Morgan Chase
Bank National Association, JP Morgan Chase & Co. (collectively,
"JPMC"), Thuy Frazier, Cindy Mendoza, and McCarthy and Holthus, LLP
(collectively, "Defendants"), in the 61st Judicial District Court
of Harris County, Texas.[1]   On May 16, 2022, JPMorgan removed the
action to this court.[2]   Pending before the court is Defendants

---

[1]Plaintiff's Original Petition, Application for a Temporary
Order, Hearing Date for Temporary Injunction, Permanent Injunction,
Request for Post-Judgment Relief, and Request for Disclosure
("Original Petition"), Exhibit A-3 to Defendants JPMorgan Chase &
Co. and JPMorgan Chase Bank, N.A.'s Notice of Removal ("Notice of
Removal"), Docket Entry No. 1-5.   For purposes of identification
all page numbers reference the pagination imprinted at the top of
the page by the court's Electronic Case Filing ("ECF") system.

[2]Notice of Removal, Docket Entry No. 1.

JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.'s Motion to Dismiss for Failure to State a Claim ("JPMC's Motion") (Docket Entry No. 4). Although the motion was filed on May 23, 2022, Plaintiffs have not responded to it. For reasons explained below, JPMC's Motion will be granted.

## I. Factual and Procedural Background

On November 20, 2007, Borrower obtained a purchase money loan (the "Loan") from Texas Supreme Mortgage Inc. in the original principal amount of $474,050 for 12202 Leather Saddle Ct, Houston, Texas 77044 (the "Property").[3] On the same date, Texas Supreme Mortgage Inc. assigned the Deed of Trust to JPMC.[4]

In 2012 Borrower and JPMC signed a Loan Modification Agreement.[5] The agreement provided that JPMC would defer repayment of $145,000 to June 1, 2052.[6] In April of 2015 Borrower entered a bankruptcy plan.[7] When the bankruptcy concluded, the next payment

---

[3]Note and Deed of Trust, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, pp. 54, 57.

[4]Assignment of Deed of Trust, Exhibit A to JPMC's Motion, Docket Entry No. 4-2.

[5]Loan Modification Agreement, Exhibit B to JPMC's Motion, Docket Entry No. 4-3, pp. 5-6.

[6]Id. at 1-2 ¶ 2.

[7]Uniform Plan and Motion for Valuation of Collateral, Exhibit C-3 to JPMC's Motion, Docket Entry No. 4-6, p. 9; Order Confirming Chapter 13 Plan Modification and Valuing Collateral Pursuant to 11 U.S.C. § 506, Exhibit C-4 to JPMC's Motion, Docket Entry No. 4-7.

-2-

on the Loan was due March 1, 2018.[8]  On February 1, 2018, Borrower conveyed title to the Property to Legall-Johnson.[9]  The Loan later went into default.[10]  On June 4, 2019, the Property was sold in a foreclosure sale.[11]

On May 2, 2022, Plaintiffs filed their Original Petition, asserting causes of action for wrongful foreclosure,[12] fraud,[13] quiet title,[14] promissory estoppel,[15] and civil conspiracy.[16]  Defendants removed the action on May 16, 2022,[17] and filed the pending motion on May 23, 2022.[18]

---

[8]Order Deeming the Mortgage Current and Directing Debtor(s) to Resume Payments, Exhibit C-5 to JPMC's Motion, Docket Entry No. 4-8, p. 1.

[9]Special Warranty Deed, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, p. 77.

[10]See Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, p. 12 ¶ 6 (referring to the Loan as being in default); Letter from Legall-Johnson to Chase Bank, Docket Entry No. 1-5, p. 134 (referring to the Loan as being in default).

[11]Substitute Trustee's Deed, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, p. 110.

[12]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, p. 9.

[13]Id. at 12-13.

[14]Id. at 13-14.

[15]Id. at 14-15.

[16]Id. at 15.

[17]Notice of Removal, Docket Entry No. 1.

[18]JPMC's Motion (Docket Entry No. 4).

-3-

## II. **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move that the court dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal quotations and citations omitted). Courts deciding on Rule 12(b)(6) motions may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007).

## III. **Analysis**

### A. **Plaintiffs Have No Wrongful Foreclosure Claim**

Plaintiffs allege that JPMC's foreclosure on the Property was invalid because JPMC did not send a required notice to Legall-Johnson or her attorney.[19]

To state a claim for wrongful foreclosure, a plaintiff must allege (1) a defect in the foreclosure sale; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. Duncan v. Hindy,

---

[19]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, pp. 9-10 ¶¶ 6-7.

-4-

590 S.W.3d 713, 723 (Tex. App.–Eastland 2019, pet. denied) (citing Montenegro v. Ocwen Loan Servicing, LLC, 419 S.W.3d 561, 569 (Tex. App.–Amarillo 2013, pet. denied)). Plaintiffs recite the elements of this cause of action,[20] but they do not allege facts that would show how the elements are met. Plaintiffs do not state how much the Property sold for, and therefore do not set forth the facts necessary to establish that the foreclosure sale price was "grossly inadequate." See Duncan, 590 S.W.3d at 723.

"Texas cases establish that a foreclosure price exceeding 50% [of market value] is not grossly inadequate." Water Dynamics, Ltd. v. HSBC Bank USA, National Association, 509 F. App'x 367, 369 (5th Cir. 2013). According to the Harris County Appraisal District, the market value of the Property in 2019 was $570,594.[21] The Property's foreclosure sale price was $496,110.10.[22] The Property sold for over 86% of its fair market value. As a matter of law, the sale price was not grossly inadequate. Plaintiffs therefore cannot meet the second or third elements of a wrongful foreclosure claim. See Duncan, 590 S.W.3d at 723.

---

[20]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, p. 10 ¶ 4.

[21]Harris County Appraisal District Real Property Account Information, Exhibit C to Notice of Removal, Docket Entry No. 1-16, p. 3.

[22]Substitute Trustee's Deed, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, p. 110.

**B. Plaintiffs Have No Quiet Title Claim**

Plaintiffs' Original Petition sets forth the elements of a quiet-title action, but the "quiet title" section of the Original Petition does not set forth any facts that would support quieting title in Plaintiffs' favor.[23] The Original Petition asserts that Legall-Johnson "has a right of ownership" and that the debt owed on the Property is "invalid," but it does not explain why.[24] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

"Under Texas law, the elements of a cause of action to quiet title are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." Cook-Bell v. Mortgage Electric Registration Systems, Inc., 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012). A "necessary prerequisite" to recovery of title is tender of whatever amount is owed on the note. Id. (citing Fillion v. David Silvers Company, 709 S.W.2d 240, 246 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.)).

Plaintiffs do not meet the first element because neither plaintiff has an interest in the Property. At the time of the

_____

[23]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, pp. 13-14 ¶ D.

[24]Id. at 13-14 ¶ D.4.

foreclosure sale, the Borrower had no interest in the Property because he had conveyed his interest to Legall-Johnson.[25] Legall-Johnson's interest in the Property was extinguished by the foreclosure sale. Because Plaintiffs have not stated a claim for wrongful foreclosure, their quiet title claim fails to the extent that it depends on the foreclosure being wrongful.

Moreover, Plaintiffs do not allege that they tendered the amount of the debt to JPMC. They are therefore missing a "necessary prerequisite" to recover title. See Cook-Bell, 868 F. Supp. 2d at 591. See also Matter of Parker, 655 F. App'x 993, 995 n.6 (5th Cir. 2016) (noting in the context of a quiet title claim that "'[a] valid and legal tender of money consists of the actual production of the funds and offer to pay the debt involved'" and that tender "must not be dependent on another variable; it must be unconditional").

Plaintiffs have failed to state a claim to quiet title.

## C. Plaintiffs' Promissory Estoppel Claim Is Barred by the Statute of Frauds

Plaintiffs assert a claim for "Promissory Estoppels and Negligence,"[26] but Plaintiffs neither recite the elements of a negligence claim nor refer to any negligent conduct by Defendants

---

[25]Special Warranty Deed, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, p. 77.

[26]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, pp. 14-15.

in describing this claim. Plaintiffs allege that JPMC promised Legall-Johnson that "it would not foreclose on her home and in fact, would reset up the payment on the Property to be paid monthly by Dr. Legall, in lieu of William Johnson."[27] Because Plaintiffs provide no record of this alleged promise, the court must assume that Plaintiffs are alleging that the promise was made orally.

The Loan Modification Agreement exceeds $50,000 in value[28] and is therefore subject to the statute of frauds. See Tex. Bus. & Com. Code § 26.02(b) ("A loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."). The statute of frauds applies to modifications of loan agreements, including alleged agreements to forego or delay the right to foreclose. Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 257 (5th Cir. 2013). "Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but 'there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds.'" Id. at 256-57 (quoting Beta Drilling, Inc. v. Durkee, 821 S.W.2d 739, 741 (Tex. App.-Houston [14th Dist.] 1992, writ denied)). Plaintiffs fail to identify a written agreement that JPMC promised to sign that would

---

[27]Id.

[28]Loan Modification Agreement, Exhibit B to JPMC's Motion, Docket Entry No. 4-3, p. 2.

-8-

inhibit JPMC's right to foreclose and therefore fail to state a claim for promissory estoppel.

## D. Plaintiffs Have No Fraud Claim

Plaintiffs allege that JPMC committed fraud because JPMC made "false material misrepresentations" that Legall-Johnson "did not have to refinance the debt but could keep the loan with Chase and make monthly payments under the Chase Succession program."[29]

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The Fifth Circuit has held that this rule requires a plaintiff to "'state with particularity the circumstances' of the allegedly fraudulent conduct--at minimum 'the who, what, when, and where.'" Afshani v. Spirit SPE Portfolio 2006-1, L.L.C., No. 21-10137, 2022 WL 964201, at *3 (5th Cir. March 30, 2022) (quoting Williams v. WMX Technologies, Inc., 112 F.3d 175, 178 (5th Cir. 1997). Plaintiffs' fraud claim does not set forth the time or place of the alleged misrepresentations, nor does it identify the person who made them. The claim therefore fails to meet Rule 9(b)'s pleading standards and will be dismissed.

## E. Plaintiffs Have No Civil Conspiracy Claim

Plaintiffs allege that defendants Cindy Mendoza and Thuy Frazier "agreed to foreclose on Plaintiff's home knowing that

---

[29]Original Petition, Docket Entry No. 1-5, p. 12 ¶ C.1.

Plaintiff had not gotten notice of the foreclosure sale[,]" and that the defendants were therefore part of a civil conspiracy.[30]

Civil conspiracy is a derivative tort; liability for a civil conspiracy depends on participation in an underlying tort. Agar Corporation, Inc. v. Electro Circuits International, LLC, 580 S.W.3d 136, 140-42 (Tex. 2019); Homoki v. Conversion Services, Inc., 717 F.3d 388, 402 (5th Cir. 2013). Because Plaintiffs have failed to state a plausible claim for any underlying tort, they also fail to state a claim for civil conspiracy.

## IV. Conclusion and Order

For the reasons explained above, the court concludes that Plaintiffs have not stated a plausible claim to relief. Accordingly, Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.'s Motion to Dismiss for Failure to State a Claim (Docket Entry No. 4) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 15th day of July, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[30]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-5, p. 15.

-10-