United States District Court
Southern District of Texas
**ENTERED**
October 31, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHELLE LEGALL-JOHNSON AND | § | |
| WILLIAM JOHNSON, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-1560 |
| | § | |
| JPMORGAN CHASE BANK , N.A., ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on Plaintiff's Special Appearance, Objection to Jurisdiction, Rule 60 Motion to Set Aside Judgment, and Motion to Remand to Harris County District Court or in the Alternative Rule 59 Motion for New Trial.  ECF 11.[1] Having considered the parties' submissions and the law, the Court recommends that the Motion be DENIED and an Amended Final Judgment be entered in this case.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The following facts are established by judicial records and allegations in the Original Petition and attached exhibits filed on May 2, 2022 in state court by Plaintiffs William Johnson and Michelle Legall-Johnson.  ECF 1-5.  William Johnson (Johnson) was the sole borrower on a November 2007 purchase-money mortgage loan from Texas Supreme Mortgage, Inc. for residential property located at 12202 Leather Saddle Ct.,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 13.  Plaintiff's initial Motion to Set Aside Judgment, ECF 9, is DENIED as moot in light of Plaintiff's filing of the second, substantively identical motion, ECF 11.

Houston, TX 77044 (Property). *Id.* at 5, 54. Johnson and Michelle Legall-Johnson (Legall) were married on December 15, 2007. *Id.* at 5. On February 6, 2018, the Harris County Family Court entered an Agreed Final Decree of Divorce (Divorce Decree) that, among other things, ordered that the Property was the sole and separate property of Legall. *Id.* at 42. The Divorce Decree also provided that Legall would pay the promissory note secured by the deed of trust on the Property and indemnify and hold harmless Johnson from liability on the debt. *Id.* at 44. Johnson executed a Special Warranty Deed on February 1, 2018 conveying his interest in the Property to Legall. *Id.* at 77-79.

JPMC foreclosed on the mortgage and bought the Property at a foreclosure sale on June 4, 2019. ECF 1-5 at 97. JPMC filed eviction proceedings and obtained a writ of possession on October 26, 2021. ECF 1-5 at 105-06; ECF 1-9 at 7-8, 15-16. Johnson and Legall, through attorney Sonya Chandler Anderson, filed an Original Petition in state court on May 2, 2022 challenging the 2019 foreclosure action. ECF 1-5. They also filed an Application for a TRO to enjoin JPMC from executing on the writ of possession and evicting Leagall. ECF 1-7. The state court denied the Application for TRO and Legall appealed. ECF 1-10; ECF 1-11. On August 25, 2022, based on lack of jurisdiction, the First Court of Appeals dismissed Legall's appeal of the Order denying a TRO. *See Legall v. JPMorgan Chase Bank National Assoc.*, No. 01-22-00338-CV, Memorandum Opinion (Tex. App.- Harris Cty. [1st Dist.], Aug. 25, 2022). Plaintiffs were represented in all state court proceedings by Sonya Chandler Anderson.

JPMC removed the state court case to this federal court on May 16, 2022 based on diversity jurisdiction.  ECF 1.  The other named defendants have not been served and have not appeared in this action.  On removal, JPMC asserted that the non-diverse defendants were improperly joined and thus the court should deny their citizenship for purposes of determining diversity jurisdiction.  *Id.*  Plaintiffs did not file a motion for remand.

On May 23, 2022, JPMC filed a Motion to Dismiss for failure to state a claim.  ECF 4.  Plaintiffs did not respond to the Motion.  On July 15, 2022, the District Judge granted the Motion to Dismiss and entered Final Judgment dismissing this action in its entirety with prejudice.  ECF 5, 6.  Thereafter, new counsel filed a notice of appearance for Michelle Legall and filed the instant Motion on August 18, 2022.  ECF 11, 12.

## II.    ANALYSIS

Legall filed the pending Motion pursuant to Federal Rules of Civil Procedure 55, 59 and 60. As set forth below, Legall is not entitled to relief under any of those Rules.

### A.    Rule 55 does not apply in this case.

Rule 55 governs the procedure for obtaining or setting aside a default judgment. FED. R. CIV. P. 55(b) ("Entering a Default Judgment"), 55(c) ("Setting Aside a Default or Default Judgment").  The Court did not enter a default judgment in this case.  Therefore, Legall is not entitled to relief from the Final Judgment under Rule 55.

### B.    Rule 59 does not apply in this case.

Although the title of Legall's Motion references Rule 59, Legall neither cites nor dicusses Rule 59 in the body of her Motion.  As noted by JPMC, Federal Rule of Civil

Procedure 59(e), which governs motions for new trial, is not applicable here because Legall's first motion (ECF 9) was filed on August 15, 2022, more than 28 days after entry of judgment. ECF 15 at 3-4. Further, Plaintiff does not assert any grounds for relief recognized by Rule 59.  *Id*; ECF 11.  Thus, Legall is not entitled to relief from the Final Judgment under Rule 59.

### C.    Plaintiff has not met her burden to show she is entitled to relief under Rule 60.

Federal Rule of Civil Procedure 60 governs motions for relief from a judgment or order.  "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion."  *Razvi v. Dallas Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141, at *2 (5th Cir. Sept. 16, 2022) (citation omitted).  A movant seeking the extraordinary relief of Rule 60(b) bears the burden of establishing at least one of the 60(b) requirements.  *Jenkins v. LaSalle Sw. Corr.*, No. 3:17-CV-1376-M-BN, 2020 WL 2106355, at *4 (N.D. Tex. Jan. 28, 2020), report and recommendation adopted, No. 3:17-CV-1376-M, 2020 WL 2105842 (N.D. Tex. Apr. 30, 2020).  A Rule 60(b) motion is not a substitute for appeal from the underlying judgment.  *Id.*

Grounds for relief under Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based
on an earlier judgment that has been reversed or vacated; or applying
it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Legall's Motion seeks relief from the Final Judgment under Rule 60(b)(1), (4), and (6).

*See* ECF 11 at 6.

> **1.    Plaintiff has not met her burden to show the Final Judgment resulted from mistake and therefore is not entitled to relief under Rule 60(b)(1).**

Legall contends that the Court entered Final Judgment by mistake because the Memorandum Opinion and Order granting JPMC's Motion to Dismiss did not address her claim for enforcement of the Divorce Decree and thus did not dispose of all claims in the case. *Id.* at 4.  Confusingly, Legall simultaneously argues that this Court has no jurisdiction to enforce the Divorce Decree.  *Id.* at 2 (arguing that "the Court does not have subject matter jurisdiction to enforce or void the state court decree of divorce").  In any event, Legall has not shown that the Final Judgment is the result of mistake.

Plaintiffs' Original Petition in state court asserted claims for wrongful foreclosure, fraud, quiet title, promissory estoppel, and civil conspiracy and included a "motion to enforce the court order," referring to the February 6, 2018 Divorce Decree.  ECF 1-5 at 9-15.  After removal to federal court, JPMC moved for dismissal of the case in its entirety, and the Court granted JPMC's motion in its entirety.  *See* ECF 4, 5.  The Divorce Decree, which awarded the Property to Legall and to which JPMC is not a party, does not determine JPMC's rights and obligations under the mortgage, which remained in Johnson's name

5

after the divorce.  *See Glasscock v. Citizens Nat. Bank*, 553 S.W.2d 411, 413 (Tex. Civ. App. 1977), writ ref'd n.r.e. (Oct. 5, 1977) ("the court in a divorce action has no power to disturb the rights which creditors lawfully have against the parties or to award the property to the creditor's prejudice."); *Brister v. Bank of Am., N.A.*, No. 03-00-00610-CV, 2001 WL 893456, at *2 (Tex. App. Aug. 9, 2001) (divorce court's judgment does not impede Bank's claim against borrower).  Legall's motion to enforce the Divorce Decree, filed in her wrongful foreclosure case, became moot when the district court ruled that she could not state any claim for relief against JPMC for wrongful foreclosure.  Plaintiff has not shown the district court entered Final Judgment by mistake and Plaintiff is not entitled to relief under Rule 60(b)(1).

**2.    Plaintiff has not met her burden to show the Final Judgment is void and therefore is not entitled to relief under Rule 60(b)(4).**

Legall further contends that the Final Judgment is void because (i) this Court lacked jurisdiction due to incomplete diversity of citizenship; (ii) this Court lacked jurisdiction to enforce or render void the state court Divorce Decree.

**(i)    Plaintiff has not shown the Judgement is void for lack of diversity jurisdiction.**

JPMC removed the state court suit to federal court based on diversity jurisdiction. ECF 1.  The named parties to the state court suit are:  Plaintiffs Johnson and Legall, both citizens of Texas; JPMC, a national banking association that is a citizen of Ohio; JPMC & Co., a citizen of Delaware and New York; Thuy Frazier, a citizen of Texas; Cindy Mendoza, a citizen of Texas; and McCarthy & Holthus, LLP, a citizen of Texas.  ECF 1;

6

ECF 1-5.  JMPC's removal notice alleged that the citizenship of Frazier, Mendoza, and McCarthy & Holthus, LLP (the non-JMPC defendants) should be ignored because they were improperly joined.  ECF 1 at 4-6.  Under the doctrine of improper joinder, the Court ignores the citizenship of non-diverse parties where there is no reasonable basis to predict that the plaintiff could recover against the non-diverse defendant.  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  Thus, whether diversity jurisdiction exists in this case depends on whether there is a reasonable basis to predict that Plaintiff could recover from the non-JMPC defendants.

The face of the Original Petition clearly demonstrates that Plaintiffs sued the non-JMPC defendants for actions they took in connection with their legal representation of JPMC in connection with foreclosure proceedings.  ECF 1-5.  Attorneys are protected by attorney immunity from liability to non-clients for their conduct in providing legal services to their clients.  *Troice v. Greenberg Traurig, LLP*, 921 F.3d 501, 506 (5th Cir. 2019) (explaining "legal representation" for purposes of attorney immunity is not limited to conduct during litigation but contemplates a comprehensive scope of conduct deemed legal representation (citing *Youngkin v. Hines*, 546 S.W.3d 675, 682 (Tex. 2018)).  Attorney immunity applies to claims based on conduct outside the litigation context "that (1) constitutes the provision of 'legal' services involving the unique office, professional skill, training, and authority of an attorney *and* (2) [that] the attorney engages in to fulfill the attorney's duties in representing the client within an adversarial context in which the client and the non-client do not share the same interests and therefore the non-client's reliance on

7

the attorney's conduct is not justifiable." *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 79 (Tex. 2021) (emphasis in original).  Attorney immunity extends to allegedly fraudulent conduct and conspiracy.  *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 484 (Tex. 2015).

JPMC met its burden to show that the non-JMPC defendants' actions are protected by attorney immunity and that there is no reasonable basis for the Court to predict that Legall can recover against the non-JMPC defendants.  Under the improper joinder doctrine the citizenship of the non-JMPC defendants must be ignored and their presence in this case does not destroy this Court's diversity jurisdiction.  Therefore, the Final Judgment is not void for lack of subject matter jurisdiction.

While the Final Judgment is not void and Legall is not entitled to reinstatement of her case, the Final Judgment (ECF 6) should be amended to reflect that Plaintiffs' claims against the non-JMPC defendants (Thuy Frazier, Cindy Mendoza, and McCarthy and Holthus, LLP) are dismissed without prejudice.  *Alviar v. Lillard*, 854 F.3d 286, 291 (5th Cir. 2017) (noting that dismissal as to an improperly joined party should be without prejudice).

### (ii.) Plaintiff has not shown the Final Judgment is void for lack of jurisdiction over a domestic relations issue.

The domestic relations exception to federal jurisdiction holds that a federal court lacks jurisdiction to *issue* divorce, alimony, or child custody decrees.  *United States v. Nolley*, No. CV H-20-3908, 2021 WL 1060226, at *2 (S.D. Tex. Mar. 19, 2021) (citing

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992)).  In addition, the *Rooker–Feldman* doctrine holds that federal courts do not have subject matter jurisdiction to review state court judgments.  *See In re Erlewine*, 349 F.3d 205, 209 (5th Cir. 2003).  Neither doctrine divests the Court of subject matter jurisdiction in this case for a simple reason—the Final Judgment did not issue a domestic relations decree, nor did it review, enforce, or amend the state court Divorce Decree.  As discussed above, the Court maintains diversity subject matter jurisdiction over Plaintiff's claims against JPMC related to JPMC's foreclosure on real property. Thus, the Final Judgment is not void and Legall is not entitled to relief under Rule 60(b)(4).

> **3.   Plaintiff has not met her burden to show the Final Judgment suffers from a lack of due process and therefore is not entitled to relief under Rule 60(b)(6).**

Legall argues for relief from the Final Judgment because she was denied due process.  Specifically, she argues that she never received the federal court filings because Sonya Chandler Anderson is not her lawyer and therefore, she did not have an opportunity to respond to the Motion to Dismiss.  *See* ECF 11.

Despite Legall's protestations, Sonya Chandler Anderson was her attorney of record at all times in state court, including at the time of removal, and at the time JPMC filed its Motion to Dismiss.  An attorney may withdraw as counsel of record only "upon leave of the court and a showing of good cause and reasonable notice to the client." *Keyes v. Wells Fargo Bank, N.A*., No. 3:20-CV-633-G-BN, 2020 WL 10963960, at *1 (N.D. Tex. May 1, 2020) (quoting *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)); *Caddell v. Caddell*,

597 S.W.3d 10, 13 (Tex. App.—Houston [14th Dist.] 2020) (trial court abused its discretion by failing to ensure, before allowing counsel to withdraw, "that the attorney has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including (1) giving due notice to the client, (2) allowing time for employment of other counsel, and (3) delivering to the client all papers and property to which the client is entitled."). Withdrawal of counsel is within the Court's discretion. *Id.* Counsel is normally expected to work through completion of a case, particularly if there is a pending motion. *Cooper v. Wal-Mart Transp., LLC*, No. CIV.A H-08-0085, 2010 WL 763548, at *1 (S.D. Tex. Mar. 3, 2010). Sonya Chandler Anderson did not move to withdraw as counsel at any time prior to entry of Final Judgment. Even if Sonya Chandler Anderson and Legall did not have access to the Court's electronic filing system, CMECF, the Motion to Dismiss was also served by certified mail, return receipt requested to The Law Office of Sonya Chandler Anderson. ECF 4 at 25.

Equally important, the dismissal of this case was not based on Legall's failure to respond to the motion. The Court addressed the merits of the JPMC's grounds for dismissal and determined that Plaintiffs could not state a claim for relief. *See* ECF 5. Legall has never denied that neither she nor Johnson made a mortgage payment from March 2018 through foreclosure. Legall has failed to meet her burden to show she is entitled to relief from the Final Judgment based on "other reasons," such as a lack of due process. Thus, she is not entitled to relief under Rule 60(b)(6).

## III.    CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the Court recommends that Plaintiff Legall's Special Appearance, Objection to Jurisdiction, Rule 60 Motion to Set Aside Judgment, and Motion to Remand to Harris County District Court or in the Alternative Rule 59 Motion for New Trial (ECF 11) be DENIED, but that the Final Judgment entered on July 15, 2022 be amended to reflect that claims against named but unserved Defendants Thuy Frazier, Cindy Mendoza, and McCarthy and Holthus, LLP, are dismissed without prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 31, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

11